1    **WO**

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8

9    Mark A. Krasemann; Beth Krasemann;    )   No. CV07-2599-PHX-NVW
     Krasemann Vision Centers, Inc.;        )
10   Krasemann Eye Center, Inc.,            )   **ORDER**
                                            )
11              Plaintiffs,                 )
                                            )
12   vs.                                    )
                                            )
13                                          )
     The United States of America; and Abe  )
14   Reyes,                                 )
                                            )
15              Defendants.                 )
                                            )
16   _____

17

18          Pending before the court are the United States' Motion to Dismiss (doc. #37) and

19   Plaintiffs' Petition for Temporary Restraining Order and Preliminary Injunction (doc.

     #38).
20
                       **The United States' Motion to Dismiss (Doc. #37)**
21
            The United States' Motion to Dismiss seeks dismissal of all of Plaintiffs' claims
22
     under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction except for Plaintiff
23
     Beth Krasemann's and Plaintiff Krasemann Eye Center, Inc.'s claims against the United
24
     States under 26 U.S.C. § 7426 for wrongful levy.  Although Plaintiffs' First Amended
25
     Complaint for Wrongful Tax Levy and Application for Preliminary and Permanent
26
     Injunction includes a brief listing of statutes that they assert confer jurisdiction upon the
27
     court, it makes no attempt to connect specific parties, claims, and factual allegations to
28

1   any of those statutes.  The motion to dismiss moves for dismissal pursuant to Fed. R. Civ.

2   P. 12(b)(1) for lack of subject matter jurisdiction, but much of the United States' motion

3   requires the court to find Plaintiffs have failed to state a claim upon which relief can be

4   granted before concluding that the court lacks subject matter jurisdiction because

5   Plaintiffs have failed to plead a claim for which the United States has waived its

6   sovereign immunity.  "[W]hen a statute provides the basis for both the subject matter

7   jurisdiction of the federal court and the plaintiff's substantive claim for relief, a motion to

8   dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is

9   proper only when the allegations of the complaint are frivolous." *Black v. Payne*, 591

10  F.2d 83, 86 n.1 (9th Cir. 1979) (quoting *Timberlane Lumber Co. v. Bank of America, N.T.*

11  *& S.A.*, 549 F.2d 597, 602 (9th Cir. 1976) and affirming dismissal as for failure to state a

12  claim and as judgment on the merits).  The court does not decide in this Order whether

13  the allegations of the complaint are frivolous, but decides the motion to dismiss under

14  Rule 12(b)(1) where appropriate and under Rule 12(b)(6) where appropriate.

15  **I.      Legal Standards for Dismissal Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)**

16          To avoid dismissal under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege facts

17  sufficient "to raise a right to relief above the speculative level, on the assumption that all

18  the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v.*

19  *Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations and footnote omitted).

20          A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P.

21  12(b)(1) may either attack the allegations of the complaint ("a facial attack") or be made

22  as a "speaking motion" attacking the existence of subject matter jurisdiction in fact ("a

23  factual attack").  *Thornhill Pub. Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th

24  Cir. 1979).  Although Defendants contend the court should not presume Plaintiffs'

25  allegations to be true when they challenge the veracity of the jurisdictional facts

26  underlying Plaintiffs' complaint, their motion is a facial attack, not a factual attack, and

27  the court does not need to resolve any factual issues to decide the jurisdictional questions.

28          For the purposes of deciding issues under Rule 12(b)(1), the court presumes

1   Plaintiffs' factual allegations to be true, and the motion will be granted only if Plaintiffs

2   have not set forth the elements necessary for subject matter jurisdiction.  *See Doe v.*

3   *Schachter*, 804 F. Supp. 53, 57 (N.D. Cal. 1992).  After construing the factual allegations

4   in the light most favorable to Plaintiffs, the court will dismiss a claim for lack of subject

5   matter jurisdiction if:  (1) the claim does not arise under federal law or the Constitution;

6   (2) there is no case or controversy; or (3) the cause of action is not described in any

7   jurisdictional statute.  *Id.* (citing *Baker v. Carr*, 369 U.S. 186, 198 (1962)).  Plaintiffs bear

8   the burden of proving the court has subject matter jurisdiction over this action.  *Kokkonen*

9   *v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

10   Sovereign immunity limits subject matter jurisdiction of the federal courts, and the

11   United States, as sovereign, can be sued only to the extent it has waived its sovereign

12   immunity.  *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).  The scope of

13   a waiver of sovereign immunity must be strictly construed in favor of the sovereign.  *Id.*

14   Further, the absence of immunity does not confer subject matter jurisdiction.  *Alvarado v.*

15   *Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007).  To establish subject

16   matter authority against a sovereign, the party asserting jurisdiction must prove statutory

17   authority vests a district court with subject matter jurisdiction in addition to proving

18   waiver of sovereign immunity  *Id.*

19   **II.   Background**

20   Plaintiff Mark Krasemann is an optometrist who in 2007 entered into a settlement

21   agreement with the Internal Revenue Service of the United States ("IRS") for his personal

22   income tax liabilities for tax years 1999 through 2002.  To collect amounts Mark

23   Krasemann stipulated were due, the IRS levied Beth Krasemann's wages and Krasemann

24   Eye Center, Inc.'s accounts receivable.  Based on the First Amended Complaint, the court

25   assumes the following facts to be true for the purpose of deciding the motion to dismiss.

26   Krasemann Vision Centers, Inc., and Krasemann Eye Center, Inc., are corporations

27   doing business in Mesa, Arizona.  Plaintiffs have not pled when these entities were

28   incorporated, filed tax returns, or paid taxes.

1    On November 1, 2003, Mark Krasemann and Beth Krasemann signed a property

2    settlement agreement, which was recorded on November 14, 2003.  Plaintiffs allege that,

3    as a result of the agreement, Beth Krasemann's wages are not community property.

4    On December 1, 2005, and March 14, 2006, Revenue Officer Abe Reyes sent

5    materials to James J. Everett, Plaintiffs' counsel in this action, with cover letters stating

6    they were sent to Everett under the provisions of a power of attorney or other

7    authorization on file with the IRS for Mark Krasemann.  On April 28, 2006, Everett

8    submitted to the IRS two copies of Form 2848, Power of Attorney, on which Mark

9    Krasemann appointed Everett to represent Krasemann Vision Centers, Inc., and Mark

10   Krasemann before the IRS with respect to specific tax matters identified on the forms.

11   On May 15, 2007, the United States Tax Court entered decisions pursuant to an

12   agreement between Mark Krasemann and the IRS for Mark Krasemann's personal income

13   tax liabilities for tax years 1999, 2000, 2001, and 2002.  On July 13, 2007, Reyes

14   contacted Mark Krasemann at Krasemann's office.  According to Krasemann, Reyes

15   erroneously informed him that neither Mark Krasemann nor Krasemann Vision Centers,

16   Inc., were represented by Everett, and Reyes threatened and coerced Mark Krasemann to

17   discuss tax matters for both Mark Krasemann individually and Krasemann Vision

18   Centers, Inc.  Plaintiffs allege that Reyes "untruthfully asserted that Dr. Krasemann

19   advised Officer Reyes that he was operating Krasemann Eye Center, Inc., as a sole

20   proprietorship."

21   On August 21, 2007, the IRS issued a Notice of Federal Tax Lien Filing and Your

22   Right to a Hearing Under IRC 6320 to Mark Krasemann, which indicated the IRS had

23   filed with the County Recorder a Notice of Federal Tax Lien on 8/21/2007 and included a

24   copy of the Notice of Federal Tax Lien.  The Notice states the amounts owed by Mark

25   Krasemann for 1040 taxes were $21,671.38 for the tax period ending 12/31/1999,

26   $33,743.96 for the tax period ending 12/31/2000, $43,131.38 for the tax period ending

27   12/31/2001, and $41,868.98 for the tax period ending 12/31/2002, for a total of

28   $140,415.62.  The date of assessment for each of the tax periods is 6/25/2007.

1      On August 30, 2007, Everett submitted a Request for a Collection Due Process or
2   Equivalent Hearing on behalf of Mark Krasemann.  The basis for the hearing request is
3   indicated as "Filed Notice of Federal Tax Lien."

4      On September 3 and 10, 2007, the IRS notified Mark Krasemann that it intended to
5   levy for interest he owed for 1999, 2000, 2001, and 2002 taxes.  On each of the four
6   notices, no amount is printed after the words "Current Balance," but an amount is entered
7   after "Interest."  The total of the "Interest" amounts is $2,204.42.

8      On September 17, 2007, the IRS issued a Notice of Levy to Vision Service Plan,
9   which identified the taxpayer as Mark Krasemann d/b/a "Drasemann [sic] Eye Center
10  Inc."  The notice identified amounts owed as Form 1040 tax for tax periods ending
11  12/31/1999, 12/31/2000, 12/31/2001, and 12/31/2002, which totaled $177,475.25.
12  Approximately $7,366.40 was levied.  Plaintiffs allege this levy was issued without
13  proper due diligence and confirmation regarding whether Krasemann Eye Center, Inc.,
14  was a sole proprietorship or corporation and whether it was the correct taxpaying entity.

15     On September 17, 2007, the IRS also issued a Notice of Levy on Wages, Salary,
16  and Other Income on CIGNA HealthCare of AZ, Inc., which identified the taxpayer as
17  Mark Krasemann.  The notice identified amounts owed as Form 1040 tax for tax periods
18  ending 12/31/1999, 12/31/2000, 12/31/2001, and 12/31/2002, which totaled $177,475.25.
19  The notice also stated, "Note:  This levy attaches to the ½ community property interest of
20  Mark A Kraseman [sic] on the wages of Beth A Krasemann."  In the section to be
21  completed by the taxpayer, Beth Krasemann is identified as the taxpayer, and a box is
22  checked indicating that her filing status for her income tax return is "Married Filing a
23  Joint Return."

24     With a cover letter dated September 25, 2007, Everett sent a check from Mark
25  Krasemann to the IRS in the amount of $2,204.42.

26     On October 22, 2007, the IRS issued a second Notice of Levy on Wages, Salary,
27  and Other Income on CIGNA HealthCare of AZ, Inc., which identified the taxpayer as
28  Mark Krasemann.  The notice states the total amount due is $170,108.87.  As of the date

the First Amended Complaint was filed, approximately $1,404.59 of Beth Krasemann's wages had been levied.

By letter dated November 8, 2007, Everett notified the IRS Appeals Office that the Krasemanns had executed a property settlement agreement through which the parties agreed that wages earned during their marriage are characterized as separate property, and therefore Beth Krasemann's wages should not be subject to the separate income tax liability of Mark Krasemann. Everett requested immediate release of the levy on Beth Krasemann's wages, but the Appeals Officer declined to do so.

By letter dated December 6, 2007, Everett notified the IRS Director of Collections for the Western Area that approximately $8,334.12 had been wrongfully levied from assets of Krasemann Vision Centers, Inc.,[1] and Beth Krasemann's wages, and their fees for services rendered as a result of the levies was approximately $35,500.00. Plaintiffs allege Everett's December 6, 2007 letter constitutes a formal administrative claim for damages as a result of wrongful tax levies pursuant to 26 U.S.C. § 7433's requirement that a taxpayer exhaust his administrative remedies prior to filing suit.

On December 19, 2007, Krasemann Vision Centers, Inc., filed a bankruptcy petition, which Plaintiffs refer to in their response to the motion to dismiss, but did not mention in their Complaint or First Amended Complaint.

On December 21, 2007, Plaintiffs Mark Krasemann, Beth Krasemann, Krasemann Vision Centers, Inc., and Krasemann Eye Center, Inc., commenced this litigation against the United States and IRS Revenue Officer Reyes. On March 6, 2008, the IRS issued a Release of Levy/Release of Property from Levy, releasing the Levy on Beth Krasemann's wages.

---

[1] Although Everett's letter attached as an exhibit to the Complaint states the assets of Krasemann Vision Centers, Inc., were levied, the First Amended Complaint alleges the levy was issued on Krasemann Eye Center, Inc.

On March 18, 2008, Plaintiffs filed a First Amended Complaint for Wrongful Tax Levy and Application for Preliminary and Permanent Injunction (doc. #22), alleging six counts:

| Count I: | Revenue Officer Reyes Engaged in Harassing and Embarrassing Ex-Parte Communication with a Party Known to Be Represented by Counsel and Misstated and Mischaracterized the Substance of the Communications |
|---|---|
| Count II: | Illegally Issued Federal Tax Levy on Vision Service Plan |
| Count III: | Illegally Issued Federal Tax Levy on the Income of Beth Krasemann |
| Count IV: | Revenue Officer Abe Reyes Acted Outside the Scope of His Employment and as Such Should Be Personally Liable for His Harassing, Unethical, and Illegal Actions |
| Count V: | Conversion |
| Count VI: | Application for Preliminary and Permanent Injunction |

Plaintiffs request a hearing on their application for a preliminary injunction "enjoining the Defendant and its agents from levying Plaintiffs' wages or other property of the Plaintiffs until further order of the Court" and an order "[p]ermanently enjoining the Defendant and its agents from levying or seizing upon Plaintiffs' property." To justify injunctive relief, Plaintiffs allege the following:

> Defendants' levies on Plaintiff Krasemann Eye Center, Inc., and on Plaintiff Beth Krasemann's wages cause, and would continue to cause, irreparable injury. If said levies are not removed, Plaintiff Dr. Mark Krasemann will continue to be unable to pay himself a salary, will be unable to pay his employees, and will lose his business, as well as his job. Additionally, Plaintiff Dr. Krasemann will be unable to afford suitable living quarters for himself, his wife and their two minor children, and Plaintiffs, Dr. Krasemann and Beth Krasemann, will be unable to live and pay their reasonably ordinary and necessary living expenses. Plaintiffs' real property, as well as Plaintiff Dr. Mark Krasemann's job, are both unique and cannot be duplicated or the loss fully compensated by a damage award.

1    (Doc. #22 at 15, ¶ XXIX.)  In their Petition for Temporary Restraining Order and

2    Preliminary Injunction, Plaintiffs acknowledge the levies have been released.  (Doc. #38

3    at 2.)

4            In both their April 24, 2008 response to the motion to dismiss and April 18, 2008

5    petition for injunctive relief, Plaintiffs allege that on March 4, 2008, Reyes served a

6    summons on JP Morgan Chase Bank for records of Krasemann Vision Centers, Inc., and

7    Krasemann Eye Center, Inc., and that the summons demonstrates "continuing illegal

8    collection action" and violates the automatic stay afforded to bankruptcy debtor

9    Krasemann Vision Centers, Inc. (nka CVK, Inc.) by 11 U.S.C. § 362(a).  (Doc. ## 40 at 3

10   n.1, 38-2 at 3 n.1, 9.)  In CVK, Inc.'s bankruptcy case, on May 2, 2008, the debtor

11   informed that court that Reyes withdrew the summons for bank records as a result of

12   CVK, Inc.'s April 10, 2008 motion for contempt against Reyes filed in Case No. BK-07-

13   6949.

14           On April 8, 2008, Krasemann Eye Center, Inc., filed a Petition to Quash Summons

15   in separate action, Case No. MC-08-39-PHX-FJM.  On April 22, 2008, Krasemann Eye

16   Center, Inc., filed notice that the IRS summons to JP Morgan Chase Bank had been

17   cancelled on April 21, 2008.  That case was terminated on May 8, 2008, by an order

18   finding the parties had resolved the entire dispute and dismissing the case as moot.  (Doc.

19   #12 in MC-08-39-PHX-FJM.)

20           Plaintiffs' Reply to Defendant United States' Response to Plaintiffs' Petition for

21   Temporary Order filed May 8, 2008, does not correct their previous representation that

22   the IRS bank records summons demonstrates continuing collection activity.  In fact, the

23   Reply expressly states, "As Plaintiffs have demonstrated in their Petition for Temporary

24   Restraining Order and Memorandum in Support thereof, injunctive relief is necessary to

25   stop Defendant, Revenue Officer Reyes from engaging in continued wrongful collection

26   action."  (Doc. #46 at 5-6.)

27           On May 21, 2008, the United States Bankruptcy Court for the District of Arizona,

28   Case No. BK-07-6949, granted the Trustee's Motion to Dismiss CVK, Inc.'s bankruptcy

1   case upon finding:  "The debtor is a defunct corporation in which it and its principal are

2   involved in a United States District Court action with the IRS.  The debtor has no assets

3   and because it is a corporation it is not entitled to a chapter 7 discharge."

4   **III.    Statutory Authorization for the Court's Subject Matter Jurisdiction**

5        **A.    Waiver of Sovereign Immunity by the United States**

6        Because Plaintiffs have alleged both tax-related claims and tort claims, the court

7   must determine whether the United States has waived its sovereign immunity for each of

8   the types.  First, under 28 U.S.C. § 1346(a)(1), the district courts have original

9   jurisdiction of "[a]ny civil action against the United States for recovery of any internal-

10  revenue tax alleged to have been erroneously or illegally assessed or collected, or any

11  penalty claimed to have been collected without authority or any sum alleged to have been

12  excessive or in any manner wrongfully collected under the internal-revenue laws."

13  Second, under 28 U.S.C. § 1346(b)(1), the district courts have exclusive jurisdiction of

14  civil actions on claims against the United States for money damages for injury to or loss

15  of property or personal injury caused by the negligent or wrongful act or omission of any

16  federal employee while acting within the scope of his office or employment.

17       **B.    Tax-Related Actions by Taxpayers**

18       A taxpayer may bring a civil  action for damages against the United States in a

19  United States district court under 26 U.S.C. § 7433 or § 7432.  A taxpayer may bring an

20  action under § 7433(a) if, in connection with any collection of federal tax with respect to

21  the taxpayer, any officer or employee of the Internal Revenue Service disregards any

22  provision of the Internal Revenue Code or regulations promulgated under the Internal

23  Revenue Code.  26 U.S.C. § 7433(a).  "[S]uch civil action shall be the exclusive remedy

24  for recovering damages resulting from such actions" except as provided in § 7432.  *Id.*  A

25  taxpayer may bring an action under § 7432 for actual, direct damages sustained by the

26  taxpayer if any officer or employee of the Internal Revenue Service knowingly, or by

27  reason of negligence, fails to release a lien under § 6325 on the taxpayer's property.  26

28

1    U.S.C. § 7432(a), (b)(1).  The parties agree Plaintiff Mark Krasemann is the only

2    "taxpayer" in this lawsuit, and Plaintiffs do not request relief under § 7432.

3            **C.**        **Tax-Related Actions by Non-Taxpayers**

4           "If a levy has been made on property ..., any person (other than the person against

5    whom is assessed the tax out of which such levy arose) who claims an interest in or lien

6    on such property and that such property was wrongfully levied upon may bring a civil

7    action against the United States in a district court of the United States."  26 U.S.C.

8    § 7426(a)(1).  The parties agree that under § 7426(a)(1) Beth Krasemann is permitted to

9    sue the United States to challenge the levy of her CIGNA wages and Krasemann Eye

10   Center, Inc., is permitted to sue the United States to challenge the levy of its Vision

11   Service Plan accounts receivable.

12          Relief for an action brought under § 7426(a)(1) includes a judgment for the

13   amount of money levied upon and an injunction to prohibit the enforcement of a levy or

14   to prohibit a sale that would irreparably injure rights in property that the court determines

15   to be superior to right of the United States in such property.  26 U.S.C. § 7426(b)(1),

16   (b)(2).  Section 7426(d) expressly prohibits an action against any officer or employee of

17   the United States with respect to any acts for which an action could be maintained under

18   this section.

19           **D.**        **Prohibition of Suits to Restrain Assessment or Collection**

20          The Anti-Injunction Act, 26 U.S.C. § 7421, provides that "no suit for the purpose

21   of restraining the assessment or collection of any tax shall be maintained in any court by

22   any person, whether or not such person is the person against whom such tax was

23   assessed," except as provided in specific statutes, including §§ 7426(a) and (b)(1).  The

24   statute also prohibits actions for the purpose of restraining the assessment or collection of

25   the amount of liability of a transferee of property of a taxpayer in respect of any internal

26   revenue tax.  26 U.S.C. § 7421(b)(1).

27

28

1      **E.      Tort Claims**

2          Under the Federal Tort Claims Act ("FTCA"), the United States waives its

3      immunity for suits alleging certain common law torts by federal officials acting within the

4      scope of their employment.  28 U.S.C. § 2674.  Under the FTCA, a claimant may not

5      institute an action until after presenting a claim to the appropriate federal agency and

6      receiving a final denial of the claim.  28 U.S.C. § 2675(a).  The remedy against the United

7      States provided by 28 U.S.C. § 1346(b) for injury arising from the negligent or wrongful

8      act of any federal employee while acting within the scope of his employment is exclusive

9      of any other civil action for money damages against the employee whose act gave rise to

10     the claim.  28 U.S.C. § 2679(b).  Any civil action for money damages arising out of the

11     same subject matter against the employee is precluded unless the action is for a

12     constitutional violation or authorized under a different statute.  *Id.*  Waiver of sovereign

13     immunity under § 1346(b) does not apply to any claim arising out of the assessment or

14     collection of any tax except for a claim based on injury or loss of goods, merchandise, or

15     other property while in the possession of a federal officer.  28 U.S.C. § 2680(c).

16  **IV.    Analysis**

17         The United States and IRS Revenue Officer Abe Reyes move for (a) dismissal of

18     all claims against Reyes, (b) dismissal of all claims against the United States except for

19     Krasemann Eye Center, Inc.'s and Beth Krasemann's § 7426 wrongful levy claims under

20     Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, (c) denial of injunctive

21     relief until a time after the parties have completed discovery, and (d) award of costs and

22     fees.  As explained above, Plaintiffs bear the burden of establishing the court's subject

23     matter jurisdiction, and to establish subject matter authority against the United States,

24     Plaintiffs must also prove waiver of sovereign immunity.  In order to prove subject matter

25     jurisdiction and waiver of sovereign immunity for any of their claims, Plaintiffs must

26     allege facts that actually state a claim.  Although the First Amended Complaint does not

27     identify which claims are alleged by which Plaintiffs against which Defendant, Plaintiffs

28     argue in their response to the motion to dismiss that Defendants err by grouping all

1   Plaintiffs in the same category.  For the sake of clarity, the court will analyze whether the
2   court has subject matter jurisdiction over claims by each Plaintiff against each Defendant.
3           **A.      Claims Against the United States**
4                   **1.      Claims by Mark Krasemann**
5           The First Amended Complaint does not state any claims by Mark Krasemann
6   against the United States.  He stipulated to the amounts he owes the IRS, Plaintiffs claim
7   none of the assets levied were his property, and Plaintiffs assert that the IRS applied the
8   levied monies as payment towards Mark Krasemann's separate tax liability, and thus,
9   Mark Krasemann does not have a conversion claim.  Further, Plaintiffs acknowledge
10  Mark Krasemann may not sue the United States under 26 U.S.C. § 7426, which permits a
11  wrongful levy action by someone other than the person against whom the tax is assessed.
12          Regarding unauthorized collection actions, the parties agree Mark Krasemann is
13  the only "taxpayer" under the statutes relevant to this lawsuit, and therefore he is the only
14  one permitted to bring a civil action under 26 U.S.C. § 7433(a) for damages against the
15  United States.  Under § 7433(b)(1), damages are limited to "actual, direct economic
16  damages sustained by the plaintiff as a proximate result of the reckless or intentional or
17  negligent actions of the officer or employee."  Plaintiffs have not alleged Mark
18  Krasemann sustained any actual, direct economic damages proximately caused by any
19  unauthorized collection actions.
20          Section 7433(a) provides that, except as provided in § 7432, a civil action under
21  § 7333 is the exclusive remedy for recovering damages if, "in connection with any
22  collection of Federal tax with respect to a taxpayer, any officer or employee of the
23  Internal Revenue Service recklessly or intentionally, or by reason of negligence
24  disregards any provision of [Title 26] or any regulation promulgated under [Title 26]."
25  Because § 7432 does not apply, and Plaintiffs have affirmatively stated they do not seek
26  relief under § 7432, Mark Krasemann's exclusive remedy for damages against the United
27  States is an action under § 7433.
28

1    Section 7433(d)(1) requires that administrative remedies be exhausted.  Although

2  the First Amended Complaint alleges "Plaintiffs have exhausted their administrative

3  remedies" by submitting a written damage claim pursuant to Treas. Reg. 301-7433-1(e)

4  on December 6, 2007, they now contend in response to the motion to dismiss that the

5  exhaustion requirement applies only to Mark Krasemann because he is the only taxpayer,

6  and Beth Krasemann's and Krasemann Eye Center, Inc.'s claims arise under § 7426,

7  which does not require exhaustion of administrative remedies.  Treas. Reg. 301-7433-1(a)

8  expressly provides, "An action for damages filed in federal district court may not be

9  maintained unless the taxpayer has filed an administrative claim pursuant to paragraph (e)

10  of this section, and has waited for the period required under paragraph (d) of this section."

11  Paragraph (d) provides that no action shall be maintained in any federal district court

12  before the earlier of a decision on the administrative claim or six months after the

13  administrative claim was filed except if the administrative claim is filed within the last six

14  months of the two-year limitations period.  Plaintiffs concede they initiated this action

15  only fifteen days after submitting their administrative claim.

16    Plaintiffs argue an exception to the exhaustion requirement applies because they

17  "have clearly demonstrated continuous requests for relief from Revenue Officer Reyes'

18  wrongful collection action were futile and the Plaintiffs' interest in immediate judicial

19  review outweigh[s] the government's interest in the efficiency or administrative

20  autonomy that the exhaustion doctrine is designed to further."  However, the cases

21  Plaintiffs cite do not support their argument.  *See Glass v. United States*, 424 F. Supp. 2d

22  224, 227-29 (D.D.C. 2006) (exhaustion requirement of § 7433 is jurisdictional)*; Amato v.

23  Bernard*, 618 F.2d 559, 566-69 (9th Cir. 1980) (although ERISA text nowhere mentions

24  the exhaustion doctrine, federal courts have authority to enforce the exhaustion

25  requirement in ERISA suits, and as a matter of sound policy, they usually should do so

26  except when "resort to the administrative route is futile or the remedy inadequate").

27  Even if an exception to § 7433's express exhaustion requirement were permitted,

28  Plaintiffs have not shown that compliance with the procedures established in Treas. Reg.

1    301.7433-1(e) would have been futile.  Therefore, Plaintiffs have failed to state any claim

2    or prove subject matter jurisdiction over any claim by Mark Krasemann against the

3    United States for damages resulting from wrongful tax collection.

4         Plaintiffs also have failed to state any claim or prove subject matter jurisdiction

5    over any claim by Mark Krasemann against the United States for injunctive relief.

6    Plaintiffs acknowledge that § 7421 prohibits suits for injunctive relief restraining the

7    assessment or collection of any tax except under specific statutes and that Mark

8    Krasemann may not seek injunctive relief under § 7426 because that section authorizes

9    actions by persons other than taxpayers.  Instead, Plaintiffs argue that Mark Krasemann's

10   and Krasemann Vision Centers, Inc.'s claims fall within a different exception to § 7421,

11   *i.e.*, § 6330(e).  But the First Amended Complaint refers to § 6330 only regarding the levy

12   against Krasemann Eye Center, Inc.'s accounts receivable.  Although § 6330(e)(1)

13   provides that "levy actions which are the subject of a requested hearing ... shall be

14   suspended for the period during which such hearing, and appeals therein, are pending,"

15   the only hearing Mark Krasemann requested expressly regarded the notice of filing

16   federal tax liens, not levy actions, and was requested pursuant to § 6320, not § 6330.

17   Section 6320 does not suspend any proceedings pending hearing.  Plaintiffs do not allege

18   that any of them filed a request for Collection Due Process Hearing regarding the notices

19   of levy or that it would have been proper for Mark Krasemann individually to have

20   requested a levy hearing since the levied assets did not belong to him.  Thus, the

21   § 6330(e) exception to § 7421 does not apply to Mark Krasemann individually or to any

22   of the Plaintiffs.

23        Plaintiffs also argue they fall within a judicially created exception to § 7421

24   defined in *Enochs v. Williams Packing & Navigation, Co.*, 370 U.S. 1, 7 (1962):

25        The manifest purpose of § 7421(a) is to permit the United States to assess and
          collect taxes alleged to be due without judicial intervention, and to require that
26        the legal right to the disputed sums be determined in a suit for refund.  In this
          manner the United States is assured of prompt collection of its lawful revenue.
27        Nevertheless, if it is clear that under no circumstances could the Government
          ultimately prevail, the central purpose of the Act is inapplicable and ... the
28        attempted collection may be enjoined if equity jurisdiction otherwise exists.

1

2

3

4

5

> We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit.  Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained.  Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed.  ...  Thus, in general, the Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid.

6   Even assuming all of Plaintiffs' factual allegations to be true, this exception could not

7   apply to Mark Krasemann because he admits his tax liability and has no cause of action

8   for alleged violations of internal IRS procedures.

9        Therefore, Plaintiffs have failed to state any claim and failed to prove the court has

10  subject matter jurisdiction over any claim by Mark Krasemann against the United States.

11                    **2.    Claims by Beth Krasemann**

12        Plaintiffs concede Beth Krasemann may not seek relief under § 7433.  Further,

13  Plaintiffs do not identify any statute that provides the court with subject matter

14  jurisdiction over conversion claims by any of the Plaintiffs against the United States.  If

15  they intended to bring a conversion claim under the FTCA, they failed to address why 28

16  U.S.C. § 2680(c)'s explicit bar on claims "arising in respect of the assessment or

17  collection of any tax" does not prohibit conversion claims by all of the Plaintiffs.

18  Plaintiffs argue instead that their conversion claim should not be dismissed because Reyes

19  was acting outside the scope of his employment and therefore 28 U.S.C. § 2679(b)(1)

20  does not exclude it. This argument, coupled with a complete failure to allege any basis for

21  a claim against the United States, concedes lack of subject matter jurisdiction over any

22  conversion claim against the United States.

23        Defendants acknowledge the court has subject matter jurisdiction over any claims

24  by Beth Krasemann against the United States under § 7426 for wrongful levy based on

25  the IRS levy on her CIGNA wages for taxes owed by Mark Krasemann.  Plaintiffs do not

26  allege or argue any other basis for claims by Beth Krasemann against the United States.

27  Therefore, Plaintiffs have failed to state a claim and failed to prove the court has subject

28  matter jurisdiction over any claim by Beth Krasemann against the United States except

1    for a § 7426(a)(1) claim for wrongful levy, which the United States acknowledged in its

2    motion to dismiss.

3         Although Beth Krasemann has stated a claim for recovering amounts wrongfully

4    levied pursuant to § 7426(a)(1) and (b)(2)(B), she has not alleged a basis for injunctive

5    relief to prevent irreparable injury to property rights under § 7426(b)(1) or under the

6    *Enochs v. Williams Packing* exception to § 7421's prohibition of injunctive relief.  The

7    court cannot conclude that "under no circumstances could the Government ultimately

8    prevail" against Beth Krasemann.  The United States may be able to prove the

9    Krasemanns' actions invalidated their 2003 marital property agreement and its

10    enforceability against the United States or that it is ineffective as against community

11    debts existing before the agreement was made.  Thus, under some circumstances, the

12    United States may prevail on Beth Krasemann's § 7426 claim for wrongful levy.

13              **3.    Claims by Krasemann Eye Center, Inc.**

14         As explained above, Plaintiffs concede Krasemann Eye Center, Inc., does not have

15    a § 7433 claim or a conversion claim against the United States.  In Count II (Illegally

16    Issued Federal Tax Levy on Vision Service Plan), Plaintiffs allege that the IRS levy on

17    Krasemann Eye Center, Inc.'s Vision Service Plan accounts receivable violated Mark

18    Krasemann's due process rights because he had filed a Request for Collection Due

19    Process or Equivalent Hearing for a Notice of Tax Lien and the IRS should have

20    suspended its levy action until the requested hearing was completed.  However, Mark

21    Krasemann's hearing request was made under § 6320, which does not suspend collection

22    proceedings.  Plaintiffs also allege that the levy was improper because Krasemann Eye

23    Center, Inc., is "a separate and distinct taxpayer and taxpaying entity."  If Mark

24    Krasemann and Krasemann Eye Center, Inc., are distinct, Count II does not allege a

25    constitutional due process violation on behalf of either party because Mark Krasemann

26    requested the hearing regarding a tax lien on his property and  Krasemann Eye Center,

27    Inc., did not request a hearing regarding the IRS levy of its assets.

28

1    Therefore, Plaintiffs have failed to state a claim and failed to prove the court has

2    subject matter jurisdiction over any claim by Krasemann Eye Center, Inc., against the

3    United States except under § 7426(a)(1) for wrongful levy based on the IRS levy on its

4    Vision Service Plan accounts receivable, which the United States acknowledged in its

5    motion to dismiss.  Although Krasemann Eye Center, Inc., has stated a claim for

6    recovering amounts wrongfully levied pursuant to § 7426(a)(1) and (b)(2)(B), it has not

7    alleged a basis for injunctive relief to prevent irreparable injury to property rights under

8    § 7426(b)(1) or under the *Enochs v. Williams Packing* exception to § 7421's prohibition

9    of injunctive relief.  The court cannot conclude that "under no circumstances could the

10   Government ultimately prevail" against Krasemann Eye Center, Inc.  The United States

11   may be able to prove Mark Krasemann transferred his individual assets to Krasemann Eye

12   Center, Inc., incorporated in March 2006, for the purpose of avoiding his individual

13   federal tax obligations for tax years 1999-2002.  Thus, under some circumstances, the

14   United States may prevail on Krasemann Eye Center, Inc.'s § 7426 claim for wrongful

15   levy.

16          **4.    Claims by Krasemann Vision Centers, Inc**.

17          As explained above, Plaintiffs concede Krasemann Vision Center, Inc., does not

18   have a § 7433 claim or a conversion claim against the United States.

19          The First Amended Complaint does not allege that the IRS levied upon or

20   wrongfully collected from any assets of Krasemann Vision Centers, Inc.  It does not

21   allege that any IRS notices were issued to Krasemann Vision Centers, Inc., or that

22   Krasemann Vision Centers, Inc., requested any hearing from the IRS.  The only

23   allegations regarding Krasemann Vision Centers, Inc., pled by Plaintiffs are (1) Everett

24   submitted a Form 2848 to represent Krasemann Vision Centers, Inc., before the IRS

25   regarding specific tax matters and (2) on July 13, 2007, Reyes erroneously informed

26   Mark Krasemann that Everett did not represent Krasemann Vision Centers, Inc., and

27   coerced Krasemann to discuss tax matters regarding Krasemann Vision Centers, Inc.  On

28   the allegations of the First Amended Complaint, therefore, Krasemann Vision Centers,

1 Inc., has pled only Count I:  Revenue Officer Reyes engaged in harassing and

2 embarrassing ex-parte communication with a party known to be represented by counsel

3 and misstated and mischaracterized the substance of the communications.

4      In their response to the motion to dismiss, Plaintiffs do not contend that

5 Krasemann Vision Centers, Inc., has claims for damages against the United States for

6 wrongful collections, wrongful levy, or conversion.  Plaintiffs argue only that Krasemann

7 Vision Centers, Inc., falls within the § 6330(e) exception to § 7421's general prohibition

8 of restraints on tax collection because Plaintiffs had requested a hearing and is entitled to

9 bring a wrongful levy action against the United States.  However, Krasemann Vision

10 Centers, Inc., never requested a hearing, never was subject to a tax lien or levy, and

11 asserts no statutory authority under which it may sue the United States for "harassing and

12 embarrassing ex-parte communication" by an IRS revenue officer.  Plaintiffs do not

13 allege any facts that would suggest Krasemann Vision Centers, Inc., needs injunctive

14 relief.

15      Thus, Plaintiffs have failed to state a claim and failed to prove the court has subject

16 matter jurisdiction over any claim by Krasemann Vision Centers, Inc., against the United

17 States.

18      The only claims against the United States Plaintiffs can pursue in this action,

19 therefore, are Beth Krasemann's and Krasemann's Eye Center, Inc.'s § 7426(a) wrongful

20 levy claims.  The only relief they may seek is a judgment under § 7426(b)(2)(B) for the

21 amount of money levied upon.

22      **B.    Claims Against Revenue Officer Abe Reyes**

23      Two of the six counts pled in the First Amended Complaint are asserted

24 against Reyes personally.[2]  Count I is titled, "Revenue Officer Reyes Engaged in

25 Harassing and Embarrassing Ex-Parte Communication with a Party Known to Be

26

27      [2]  Plaintiffs are expressly prohibited from asserting any § 7426 wrongful levy

28 claim against any officer or employee of the United States.  26 U.S.C. § 7426(d).

1    Represented by Counsel and Misstated and Mischaracterized the Substance of the

2    Communications."  Count IV is titled, "Revenue Officer Abe Reyes Acted Outside the

3    Scope of His Employment and as Such Should Be Personally Liable for His Harassing,

4    Unethical, and Illegal Actions."  Plaintiffs allege Reyes abused his position as a Revenue

5    Officer, disregarded the rules and procedures contained in the Internal Revenue Manual

6    and the Internal Revenue Code, and continues to be harassing, unethical, and illegal with

7    respect to Plaintiffs.  The only relief sought that appears to apply to Reyes is holding him

8    in contempt for illegal collection activity.

9          If any IRS officer or employee recklessly, intentionally, or negligently disregards

10   any provision of the Internal Revenue Code or regulation in connection with any

11   collection of federal tax with respect to a taxpayer, the exclusive remedy for recovering

12   damages is a civil action for damages brought by the taxpayer in federal district court

13   against the United States, not the officer or employee.  26 U.S.C. § 7433(a).  Plaintiffs

14   may not bring a claim under the FTCA because the FTCA excludes claims arising out of

15   tax collections, Plaintiffs did not exhaust their administrative remedies, and they may not

16   bring a claim against a federal employee for money damages for a negligent or wrongful

17   act while acting within the scope of his employment unless the action involves a

18   constitutional violation or is authorized under a different statute.  28 U.S.C. §§ 2675(a),

19   2680(c), 2679(b).  Even if Reyes' alleged conduct constituted a constitutional violation,

20   *Bivens* relief for personal liability of government officials is not available for alleged

21   constitutional violations by IRS officials involved in the process of assessing and

22   collecting taxes.  *Adams v. Johnson*, 355 F.3d 1179, 1186 (9th Cir. 2004).

23         For purposes of the motion to dismiss, the court is not required to accept Plaintiffs'

24   legal assertion that Reyes acted outside the scope of his employment, but if even if the

25   court were to agree with legal conclusion, Plaintiffs still would be lacking any authority

26   establishing the court's subject matter jurisdiction over their claims against Reyes

27   personally.  They have cited no authority that claims for "harassing and embarrassing ex-

28   parte communication" and "harassing, unethical, and illegal actions" arise under federal

law or the United States Constitution or that any statute grants the court jurisdiction over such claims against Reyes personally.

Thus, whether Reyes acted within or outside the scope of his employment, Plaintiffs have failed to state a claim and failed to prove the court has subject matter jurisdiction over any claim against Reyes personally.  In any event, it is plain to a legal certainty that Reyes' alleged acts were within the scope of his employment, and Plaintiffs' conclusory allegation to the contrary is frivolous.

### C.    Award of Attorneys' Fees and Costs

Defendants request award of costs and fees, but do not provide authority and justification for such an award.  Therefore, the court will deny the request at this time without prejudice.  Aspects of the dismissed claims are objectively frivolous.  The United States is not precluded from seeking award of attorneys' fees at the conclusion of this case.

### Plaintiffs' Petition for Temporary Restraining Order and Preliminary Injunction (Doc. #38)

In addition to their Application for Preliminary and Permanent Injunction included in the First Amended Complaint, Plaintiffs separately filed a "Petition for Temporary Restraining Order and Preliminary Injunction."  The Petition requests that the court issue a temporary restraining order pending a hearing and award of relief preliminarily and permanently enjoining the United States and Reyes from issuing further levies or taking further collection against Plaintiffs and to return all wrongfully levied monies to Plaintiffs pending the Court's ruling on the merits.  (Doc. #38 at 2.)   As previously noted, the levies have been lifted, and the only alleged "continued collection action" has been terminated.

No evidentiary hearing on Plaintiffs' petition for injunctive relief is required because it presents only purely legal questions and no purpose would be served by holding an evidentiary hearing.  *See United States v. McGee*, 714 F.2d 607, 613 (6th Cir. 1983); *Socialist Workers Party v. Illinois State Bd. of Elections*, 566 F.2d 586, 586 (7th

1    Cir. 1977).  Even if Plaintiffs were to prove all of their factual allegations to be true, they

2    have shown no legal basis for granting any of the injunctive relief they have requested.

3          Plaintiffs concede 26 U.S.C. § 7421 prohibits any of the injunctive relief they seek

4    unless they can satisfy an exception.  As explained above, none of the Plaintiffs meet the

5    judicially created exception under *Enochs v. Williams Packing*.

6          Plaintiffs seek injunctive relief for Beth Krasemann and Krasemann Eye Center,

7    Inc., under 26 U.S.C. § 7426(b)(1), which permits an injunction if a levy or sale would

8    irreparably injure rights in property that the court determines to be superior to rights of

9    the United States in such property.  Plaintiffs admit the levies have been released.

10   Plaintiffs do not allege that either Beth Krasemann or Krasemann Eye Center, Inc., have

11   suffered or are likely to suffer irreparable injury to their rights in any property.  Plaintiffs

12   do not even expressly allege that Beth Krasemann and Krasemann Eye Center, Inc., have

13   been deprived of their money that has been applied to Mark Krasemann's separate tax

14   debt.  To qualify for injunctive relief under an exception to § 7421, parties still must

15   satisfy the usual equitable prerequisites to injunctive relief, *i.e.*, irreparable injury and

16   lack of adequate legal remedy.  *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313 (9th Cir.

17   1981).  If Beth Krasemann or Krasemann Eye Center, Inc., prevail on proving their

18   wrongful levy claims, they will have adequate legal remedy under § 7426(b)(2)(B) and,

19   therefore, cannot obtain injunctive relief under § 7426(b)(1).

20         Plaintiffs seek injunctive relief for Mark Krasemann and Krasemann Vision

21   Centers, Inc., under 26 U.S.C. § 6330(e), which suspends levy actions that are the subject

22   of a requested hearing.  As discussed above, Mark Krasemann requested a hearing

23   regarding tax liens under § 6320, which does not suspend liens or any other collection

24   action.  Plaintiffs did not allege that Krasemann Vision Centers, Inc., requested any

25   hearing.  Plaintiffs do not allege the IRS wrongfully levied any property belonging to

26   Mark Krasemann or Krasemann Vision Centers, Inc.  In fact, Plaintiffs acknowledge the

27   assets levied were applied to Mark Krasemann's separate tax debt.  Therefore, neither

28

1   Mark Krasemann or Krasemann Vision Centers, Inc., can obtain injunctive relief under § 6330(e).

2        Plaintiffs have not alleged any specific irreparable injury that would result if an

3   injunction is not issued.  They allege only that as a result of the levy against Beth

4   Krasemann in the amount of approximately $1,404.59[3] and the levy against Krasemann

5   Eye Center, Inc., in the amount of approximately $7,366.40, Mark Krasemann was unable

6   to pay himself a salary, the Krasemanns have filed for a divorce, Mark Krasemann will be

7   unable to run his business, and Plaintiffs will be unable to pay necessary living expenses.

8   They argue "[t]here is no immediate adequate remedy at law to allow Plaintiffs to keep

9   their property and allow Plaintiff Mark Krasemann to be able to pay reasonable ordinary

10  and necessary living expenses, pay himself a salary and pay his employees, which will

11  result in a failure to maintain his business and keep his job."  (Doc. #38-2 at 14.)  These

12  alleged "injuries" would affect only Mark Krasemann, who admittedly owes the tax debt.

13       Plaintiffs' Reply to Defendant United States' Response to Plaintiffs' Petition for

14  Temporary Restraining Order includes four exhibits apparently for the purpose of

15  demonstrating likelihood of Plaintiffs prevailing on the merits.  (Doc. #46.)  Exhibits A

16  and B show that Krasemann Eye Center, Inc., was organized on March 20, 2006; Mark

17  Krasemann is its sole Board member, its incorporator, President, Secretary, and

18  Treasurer, and do not indicate how the corporation was capitalized.  Exhibit C is a copy

19  of Krasemann Eye Center, Inc.'s 2007 U.S. Income Tax Return for an S Corporation.  It

20  shows Mark Krasemann holds 100% of stock ownership for Krasemann Eye Center, Inc.

21  Exhibit D is an Affidavit of Mark Krasemann dated May 7, 2008, swearing that he and

22  Beth Krasemann kept all of their assets, including wages, separate from the time they

23  married on December 1, 2001, through the present date, and at no time commingled their

24  separate assets.  Although Defendants did not have opportunity to respond to exhibits

25

_____

26       [3] In their Petition for Temporary Restraining Order and Preliminary Injunction,
    Plaintiffs state approximately $4,549.47 was levied from Beth Krasemann's wages, but
27  cite only to Exhibit L of their Complaint, which the First Amended Complaint cited as
    showing that approximately $1,404.59 had been levied "to date."  (Doc. #38-2 at 8.)
28

1   attached to Plaintiffs' Reply, it is unnecessary for them to do so because the exhibits do
2   not affect any of the court's rulings in this Order.

3        Therefore, none of the Plaintiffs have shown they are or could possibly be entitled
4   to any of the temporary, preliminary, or permanent injunction relief they request.

5

6        IT IS THEREFORE ORDERED that the United States' Motion to Dismiss (doc.
7   #37) is granted in part, dismissing all claims against Abe Reyes and all claims against the
8   United States except Beth Krasemann's and Krasemann Eye Center, Inc.'s claims against
9   the United States under 26 U.S.C. § 7426 for wrongful levy.

10       IT IS FURTHER ORDERED that the United States' request for award of its costs
11  and fees (doc. #37) is denied without prejudice.

12       IT IS FURTHER ORDERED that Plaintiffs' Petition for Temporary Restraining
13  Order and Preliminary Injunction (doc. #38) is denied.

14       DATED this 29th day of May, 2008.

15

16       _____

17                Neil V. Wake
         United States District Judge

18

19

20

21

22

23

24

25

26

27

28